# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ETHAN T. LAM, | ) |
| Petitioner, | ) Case No. 7:15CV00587 |
| v. | ) OPINION |
| COMMONWEALTH OF VIRGINIA, | ) By: James P. Jones |
| | ) United States District Judge |
| Respondent. | ) |

*Ethan T. Lam, Pro Se Petitioner.*

Petitioner Ethan T. Lam, proceeding pro se, filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Upon review of the record, I conclude that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the state court system, through direct appeal or habeas corpus proceedings, and ultimately presenting the claims to the highest state court with jurisdiction to consider them. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner has not presented his habeas claims to the

appropriate state court and could still do so, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Lam is challenging the July 2014 judgment of the Rockingham County Circuit Court under which he stands convicted of a misdemeanor count of distribution of marijuana. Lam states that he was sentenced on July 21, 2014, to one year in jail, suspended, and two years of probation. He did not appeal. In September 2015, his probation was revoked, and he was sentenced to serve 90 days in jail, with an additional year added to his term of probation.

On October 21, 2015, Lam signed his notarized § 2254 petition. He alleges arrest without probable cause, insufficient evidence to convict, and ineffective assistance of counsel. Neither the petition nor state court records online indicate that Lam has filed a state court habeas corpus petition presenting his current claims to the circuit court or to the Supreme Court of Virginia. Until he has given the Supreme Court of Virginia an opportunity to address these claims, he has not exhausted state court remedies as required under § 2254(b). Therefore, I must dismiss the petition without prejudice for failure to exhaust state court remedies.

A separate Final Order will be entered herewith.

DATED: November 4, 2015

/s/ James P. Jones
United States District Judge